UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 12-06145-MWF (PJWx)**                     Date: **May 7, 2013**

Title:     Matthew F. Gallagher, et al. -v- U.S. Bancorp, et al.

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

    Rita Sanchez                          None Present
  Courtroom Deputy                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                       None Present

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [40, 43], AND DISMISSING ACTION WITH PREJUDICE

     This matter is before the Court on the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association ("U.S. Bank") and the Motion to Dismiss Second Amended Complaint for Failure to State a Claim filed by Defendant Bank of America, N.A. ("BofA") (the "Motions").  (Docket Nos. 40, 43).  The Court has read and considered the papers filed on these Motions and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the hearing set for **May 13, 2013**, is removed from the Court's calendar.  For the reasons stated below, the Motions are GRANTED.

     On July 17, 2012, Plaintiffs Matthew F. and Melissa A. Gallagher filed a Complaint initiating this action.  (Docket No. 1).  On September 11, 2012, the Court granted Defendants' motions to dismiss the Complaint; the Gallaghers had failed to file any opposition.  (Docket No. 13; *see also* Docket Nos. 9, 12).  On September 25, 2012, the Gallaghers filed a First Amended Complaint ("FAC").  (Docket No. 14).  On December 4, 2012, the Court granted Defendants' motions to dismiss the FAC (the "December 4 Order").  (Docket No. 33; *see also* Docket Nos. 20, 25).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-06145-MWF (PJWx)**              Date:  **May 7, 2013**

Title:      Matthew F. Gallagher, et al. -*v*- U.S. Bancorp, et al.

---

On February 11, 2013, the Gallaghers filed the Second Amended Complaint ("SAC"). (Docket No. 39). On February 26, 2013, BofA filed its Motion. (Docket No. 40). On March 4, 2013, Wells Fargo and U.S. Bank filed their Motion. (Docket No. 43).

The SAC is substantially similar to the Gallaghers' FAC. The SAC alleges twelve claims for relief, adding a claim for violation of 18 U.S.C. § 1962(c), Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, to the eleven claims alleged in the FAC.

With respect to all but the eleventh claim for relief (RICO), the SAC fails to cure the deficiencies identified in the Court's December 4 Order dismissing the FAC. (Docket No. 33). Likewise, the alleged RICO claim fails as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## RICO Claim

The Gallaghers' eleventh claim for relief for violation of RICO fails because it is not pleaded with particularity as required by Federal Rule of Civil Procedure 9(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) ("Rule 9(b)'s requirement that [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity applies to civil RICO fraud claims." (citation and internal quotation marks omitted)). A complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986).

In this regard, the SAC's generalized allegations are insufficient under Federal Rule of Civil Procedure 8(a), let alone Rule 9(b). (*See, e.g.*, SAC ¶ 162 ("Defendants used these fraudulent schemes; mail and wire fraud . . . was routinely committed by [Defendants].")).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-06145-MWF (PJWx)**              Date:  **May 7, 2013**

Title:     Matthew F. Gallagher, et al. -*v*- U.S. Bancorp, et al.

### Claims from FAC

As noted above, with respect to the Gallaghers' remaining claims, the SAC fails to cure the deficiencies the Court identified in the December 4 Order.

The Gallaghers' first claim for relief for declaratory relief fails because it is coextensive with their other claims. (December 4 Order at 2).

The Gallaghers' second claim for relief for negligence fails because, absent exceptions not relevant in this case, a lender does not owe a duty of care to a borrower. (*Id.*)

The Gallaghers' third claim for relief for quasi-contract fails because the parties' rights are defined by an express binding agreement – *i.e.*, the note and the deed of trust. (*Id.*)

The Gallaghers' fourth claim for relief for violation of 12 U.S.C. § 2605 fails because their requests for information do not constitute Qualified Written Requests ("QWRs") under the Real Estate Settlement Procedures Act ("RESPA") as they do not relate to the servicing of the loan. (*Id.* at 2-3).

The Gallaghers' fifth claim for relief for violation of 15 U.S.C. § 1692 *et seq.* fails because Defendants are not "debt collectors" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), and a residential mortgage loan is not regarded as a "debt" under California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* (*Id.* at 3).

The Gallaghers' sixth claim for relief for violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), is barred by the applicable one-year statute of limitations. (*Id.*)

The Gallaghers' seventh claim for relief for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, fails because they have received the benefit of performance under the note and deed of trust in the form of the loan proceeds. (*Id.* at 3-4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-06145-MWF (PJWx)**                    Date:  **May 7, 2013**

Title:      Matthew F. Gallagher, et al. -v- U.S. Bancorp, et al.

---

    The Gallaghers' eighth claim for relief for breach of contract fails because they admittedly did not repay the amount owed on their loan. (*Id.* at 4).

    The Gallaghers' ninth claim for relief for breach of the implied covenant of good faith and fair dealing fails because the SAC fails to allege that the Gallaghers performed fully or substantially in accordance with the terms of the relevant agreement. (*Id.*)

    The Gallaghers' tenth claim for relief for violation of California Civil Code Sections 2923.5 and 2924 fails because Wells Fargo could execute a notice of default as the authorized agent of the beneficiary, U.S. Bank. (*Id.* at 4-5).

    Finally, the Gallaghers' twelfth claim for relief for accounting fails because an accounting is an equitable remedy, not an independent claim. (*Id.* at 5).

**Conclusion**

    The Motions (Docket Nos. 40, 43) are GRANTED. Because further amendment would be futile, the Motion is granted ***without leave to amend***, and this action is hereby DISMISSED ***with prejudice***. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court ORDERS the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

    IT IS SO ORDERED.